SMITH v. WALTON et al.

(District Court, S. D. New York. May 31, 1893.)

PATENTS — PENALTIES — REV. ST. §§ 4900, 4901 — NECESSITY FOR STAMP "PATENTED," ETC., ON PATENTED ARTICLE.

> Where the complaint showed that the word "Patented," etc., was not stamped on plaintiff's patented article, as required by Rev. St. § 4900, not because of the "character of the article," but because the cost of such stamping would destroy the patentee's profits, *held*, on demurrer to the complaint in an action to recover penalties under section 4901, for an unauthorized use by defendants of the word "Patented," etc., on their articles, that the complaint was demurrable.

At Law. Action by Seth H. Smith against David S. Walton and George West to recover penalties under section 4901 for stamping the word "Patented," without authority, on 2,200 crates of wooden dishes.

Rush Taggart and Almon Hall, for plaintiff.
James P. Foster, for defendants.

BROWN, District Judge. The complaint having been amended on leave after a demurrer to the original complaint had been sustained, (Smith v. Walton, 51 Fed. Rep. 17,) a demurrer has been again interposed to the amended complaint.

The original complaint was held defective, because it appeared that the word "Patented," etc., was not stamped on the patented article itself, viz. an oval wooden dish, either by the defendants or by the plaintiff, but on the crate only; and because the complaint did not show that the patented article came within the exception of Rev. St. § 4900, as an article on which from "the character of the article," the word "Patented," etc., could not be fixed. The original complaint on the contrary stated that the dishes had been marked as "The Oval Wooden Dish." That fact was held to afford affirmative evidence that the character of the article was such that the word "Patented," etc., could have been "fixed thereon;" and for the plaintiff's failure to fix them on the patented article, it was held that the defendants could not be made liable for "counterfeiting the plaintiff's mark."

In the amended complaint the averment that the dishes were stamped is omitted; it being stated on the argument that it had been inserted in the original complaint under misapprehension by the pleader. The amended complaint, however, does not aver, in the language of the statute, that from the "character of the article the word 'Patented,' etc., could not be fixed thereon;" but in lieu of such a statement it makes the following averments, viz.: that the dishes are sold only by the crate, the final purchaser giving them away to his customers as a substitute for wrapping paper; that it is impracticable in the act of manufacturing said dishes in any way manner to mark the same; that to stamp them with ink afterwards would render them unfit for use; that to brand them would so increase the cost that they could not be sold in competition with other similar wooden dishes; that any known mode of marking each of the dishes would so increase the cost as to prevent their sale in competition with other dishes, and thus render the patent wholly valueless; and that by reason of the impracticability of stamping the separate dishes, the owners have at all times pursuant to section 4900 marked each crate or package containing said dishes as follows: "Oval Dishes, Patented March 13, 1893, Art. Pat. June 5, 1883."

I do not perceive anything in the amended complaint from which it can be fairly inferred that there is the least difficulty in fixing upon the wooden dishes themselves the word "Patented," etc., as required by section 4900, except the additional cost of doing so; or that the plaintiff could not so mark them as cheaply as other manufacturers could mark them. All that the new averments in the amended complaint amount to is that, if the patentee complied with section 4900, he could make no profit out of his patent, on account of the competition with other dishes somewhat similar. In other words, it is not because of "the character of the article" that the dishes themselves are not marked or stamped as the statute requires, but simply because the patentee cannot make money on his sales if he complies with the law.

The language of the statute is so plain and definite in making "the character of the article" the only ground for omitting to fix

the mark upon the article itself, and for allowing the patentee in lieu thereof "to fix to the article, or to the package wherein one or more of them are contained, a label containing the like notice," that it is inadmissible, as it seems to me, to change the statute by construction into a question merely of profit to the patentee. Upon the statements of the amended complaint, the matter seems to be brought down to this: That the patent, though in itself valid, would nevertheless be of no value to the patentee unless the substituted marking of the crate be held sufficient; because otherwise the patent cannot be worked commercially with any profit to the patentee. But this is only saying, in effect, that the patent law, as it stands, is not adapted to such articles of very small value; and that it cannot practically be made use of to give a monopoly in the manufacture of such articles. But that fact, though true, cannot give the court any authority to change by construction the plain words and meaning of the statute, or to secure to the plaintiff a monopoly upon conditions which the law does not admit. The demurrer must, therefore, be sustained.